UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| Dr. JOHN A. PETERSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No.: 2:21-cv-02293 |
| | ) |
| DENIS R. McDONOUGH, SECRETARY | ) |
| of VETERANS AFFAIRS, UNITED STATES | ) |
| DEPARTMENT OF VETERANS AFFAIRS, | ) |
| | ) |
| Defendant. | ) |

**COMPLAINT FOR JUDICIAL REVIEW**

NOW COMES Plaintiff, Dr. John A. Peterson, by and through his attorney, Ronald S. Langacker of Langacker Law, and for his Complaint for Judicial Review against the United States Department of Veterans Affairs and its Secretary, Denis R. McDonough, pursuant to 38 U.S.C. § 7462(f) and 5 U.S.C. §§ 701-706, hereby states as follows:

**NATURE OF THE ACTION**

1. This is an action for judicial review of the final administrative decision of the United States Department of Veterans Affairs dated October 13, 2021, that removed Dr. John A. Peterson, M.D. from federal employment and revoked his privileges with the VA Illiana Healthcare System ("VAIHCS"). Dr. Peterson seeks declaratory and injunctive relief, reinstatement, back pay with interest, attorney's fees and costs, and that the record be expunged.

**PARTIES**

2. Plaintiff, Dr. John A. Peterson, is a resident of this judicial district and a citizen of the state of Illinois. At all times relevant to this Complaint, Dr. Peterson was an employee of VAIHCS located at 1900 E. Main St, Danville, Illinois 61832.

1

3. Defendant, Denis R. McDonough, is the Secretary of Veterans Affairs for the United States Department of Veterans Affairs ("VA"), an executive agency for the United States government. Mr. McDonough is being sued in his official capacity as Plaintiff's employer, located at 810 Vermont Avenue NW, Washington D.C. 20420.

## JURISDICTION AND VENUE

4. This Court has original jurisdiction over this matter pursuant to 28 U.S.C. §1331.

5. This Court has jurisdiction to review final orders of the VA pursuant to 38 U.S.C. § 7462(f)(2). Moreover, 28 U.S.C. § 1343 (3) and (4) confers jurisdiction over actions to secure civil rights extended by the United States government, including the Fifth Amendment of the United States Constitution ("deprivation of life, liberty, or property, without due process").

6. Venue is proper pursuant to 28 U.S.C. §1391(b)(1) and (b)(2) because this is the district and division in which Dr. Peterson resides, where he was employed by the Defendant, and in which all of the events or omissions giving rise to the claims occurred.

## STATEMENT OF FACTS

7. Dr. Peterson was employed by VAIHCS as a physician from February 21, 2016, until November 9, 2020, when he was involuntarily removed from federal employment and his privileges were revoked. Prior to his removal, Dr. Peterson had never received any form of disciplinary action.

8. On January 17, 2021, VAIHCS summarily suspended Dr. Peterson's clinical privileges and removed his patient care responsibilities without providing information to allow him to respond to the criticism. The limited information provided to Dr. Peterson only cited "concerns" regarding his management of patients, without any further elaboration. See Exhibit A, attached hereto.

9. Pursuant to VHA Handbook 1100.19, the comprehensive review of a summary suspension must be accomplished within 30 calendar days of the suspension. Despite this directive, Dr. Peterson's suspension review was extended six times in 30-day increments from January 17, 2020, through October 13, 2020.

10. On October 13, 2020, the Chief of Staff of VAIHCS notified Dr. Peterson that they intended to remove him from federal service and revoke his clinical privileges. The removal was based on two charges: Charge 1 involved *Failure to Provide Appropriate Medical Care*; and Charge 2 related to an alleged *Failure to Follow Instruction.*

11. Charge 1 listed 21 supposed instances over a 12-month period where Dr. Peterson allegedly failed to provide sufficient medical care.

12. The proposed removal was not signed by the Chief of Staff or the Acting Chief of Staff as required in accordance with VHA Directive 1100.19 when a major adverse action is combined with a revocation of privileges.

13. Within the proposed removal and revocation of clinical privileges, the VA failed to cite any specific law, regulation, policy, procedure, or practice violated by Dr. Peterson as required by VA Directive 5021/9.

14. On October 16, 2020, Dr. Peterson's s attorney contacted VAIHCS and requested 90 days to review the list of alleged instances and prepare a response. VAIHCS refused to grant the extension.

15. On November 4, 2020, VAIHCS Acting Medical Center Director sustained the Charges and removed Dr. Peterson from federal service for failure to provide appropriate medical care, effective November 9, 2020. See Exhibit B, attached hereto.

16. On November 10, 2020, Dr. Peterson timely filed an appeal of the removal and a requested an oral hearing before a Disciplinary Appeals Board ("DAB") to the VA Under Secretary of Health through VAIHCS's Office of Human Resource Management. See Exhibit C, attached hereto.

17. Within the notice of appeal, Dr. Peterson's attorney included a request for "sufficient time in order to secure a contract to complete an outside review." Dr. Peterson also requested read-only access to medical records of the patients identified within Charge 1. Dr. Peterson's counsel further requested an expert witness to testify at the hearing on Dr. Peterson's behalf.

18. Dr. Peterson received the evidence file from VAIHCS in late November. The file included over 2,000 pages of documents, but it did not include a significant portion of the medical information Dr. Peterson requested.

19. On December 3, 2020, Dr. Peterson's counsel submitted a waiver of the statutory timeline to continue the DAB hearing outside of the 120-day deadline after receiving the notice of appeal.

20. On December 18, 2020, the DAB denied Dr. Peterson's request for the additional medical records requested within Plaintiff's notice of appeal.

21. In early 2021, Dr. Peterson's counsel attempted to retain an expert witness to review the file.

22. On May 17, 2021, Dr. Peterson's counsel disclosed that Dr. Peterson planned to call Dr. Vera Bain as an expert consultant. Dr. Peterson's counsel requested that the Board President extend the current June 2, 2021 hearing date until July in order to allow the expert witness time to review the voluminous evidence file.

23. On May 18, 2021, the DAB denied Dr. Peterson's request for a continuance, stating that Dr Bain had "sufficient time" to review the evidence file. Since it would be impossible for Dr.

4

Peterson's expert to review the file in less than two weeks, Dr. Peterson notified the DAB that he would no longer call Dr. Bain as a witness.

24. Though Dr. Peterson's requests for additional time were denied, VAIHCS did not adhere to its own case management deadlines, and the DAB granted several extensions to themselves without notice to Dr. Peterson.

25. On May 31, 2021, Dr. Peterson provided a written rebuttal of both Charges to VAIHCS. The response was 154 pages in length and directly rebutted the Charges levied against the Plaintiff. Dr. Peterson's response was also forwarded to the DAB on June 1, 2021.

26. Dr. Peterson's submission of a written response to the charges was essential as a matter of fundamental fairness in order to present a complete evidentiary record on his behalf.

27. The DAB panel rejected Dr. Peterson's rebuttal, refusing to admit Dr. Peterson's response into evidence or even allow Dr. Peterson to reference his rebuttal while he testified. The DAB provided no explanation either on the record or in their decision as to why the rebuttal was excluded. By rejecting Dr. Peterson's rebuttal, the DAB denied Dr. Peterson the right to a fair hearing by denying him the opportunity to defend himself.

28. On October 13, 2021, the DAB sustained the decision to remove Dr. Peterson from federal employment and revoke his privileges. The DAB noted that 11 of the 21 allegations within Charge 1 were not substantiated. Charge 2 was also sustained by the DAB.

29. On October 12, 2021, the Acting Principal Deputy Under Secretary for Health approved the decision of the DAB. A copy of the Final Decision of the Under Secretary for Health is attached as Exhibit D.

30. On October 28, 2021, Dr. Peterson was notified that VAIHCS had submitted an Adverse Action Report ("AAR") to the National Practitioner's Data Bank ("NPDB"). The submission

of the AAR to the NPDB will cause significant damage to Dr. Peterson's professional reputation and the negative report will almost certainly end Dr. Peterson's medical career.

## COUNT I – JUDICIAL REVIEW

31. Dr. Peterson repeats and realleges the allegations set forth in the above paragraphs as if fully set forth herein.

32. Dr. Peterson had been employed by VAIHCS as a full-time permanent physician pursuant to 38 U.S.C. § 7401(1).

33. Dr. Peterson was first suspended and then discharged by Defendant VAIHCS from that employment. Suspension and discharge constitute "major adverse actions" under 38 U.S.C. § 7462(c)(2)(A) and (E), respectively.

34. Upon judicial review by a District Court, the action and findings of the DAB may be reversed where they are: (a) arbitrary, capricious or an abuse of discretion or otherwise not in accordance with the law; (b) obtained without procedures required by law, rule, or regulation having been followed; or (c) unsupported by substantial evidence. See 38 U.S.C. § 7462(f)(2).

35. DAB's decision sustaining Charges 1 and 2 must be reversed as evidenced by, but not limited to, the following:

   a. VAIHCS improperly imposed and extended a summary suspension in violation of VA directives;

   b. VAIHCS failed to follow directives regarding the summary suspension and proposed notice of removal of Dr. Peterson;

   c. VAIHCS's proposed removal of Dr. Peterson was not signed by the Chief of Staff or the Acting Chief of Staff as required in accordance with VHA Directive 1100.19 when a major adverse action is combined with a revocation of privileges;

    d. VAIHCS failed to provide to Dr. Peterson with a complete copy of all the evidence upon which its charges leading to suspension and removal were based;

    e. The DAB's findings were contrary to the weight of the evidence where Dr. Peterson presented evidence proving that the claims sustained by the Board were arbitrary, capricious, an abuse of discretion, and/or not in accordance with the law;

    f. VAIHCS denied Dr. Peterson access to medical records and patient treatment records of the individual cases that formed the basis of disciplinary charges against him, and was therefore prevented from being able to present a full and complete defense to said disciplinary charges;

    g. The DAB failed to give Dr. Peterson a fair opportunity to respond in his own defense regarding the charges against him through their refusal to allow Dr. Peterson to proffer his rebuttal to the charges into evidence as to Counts 1 and 2; and

    h. The DAB failed to properly apply the *Douglas* factors as to aggravation and/or mitigation as they related to Dr. Peterson. See *Douglas v. Veterans Administration*, 5 M.S.P.B. 313 (1981).

## COUNT II– DUE PROCESS

36. Dr. Peterson repeats and realleges the allegations set forth in the above paragraphs as if fully set forth herein.

37. The Fifth Amendment to the U.S. Constitution provides that "No person shall ... be deprived of life, liberty, or property, without due process of law[.]"

38. Dr. Peterson has been employed pursuant to 38 U.S.C. § 7401(1) as a full-time permanent physician with clinical privileges at VAIHCS. Accordingly, he has liberty and property interests in those clinical privileges and employment under federal statutes and directives.

39. Defendant deprived Dr. Peterson of his substantive property rights without due process by revoking his clinical privileges at VAIHCS and removing him from permanent federal employment with VAIHCS, as evidenced by but not limited to the following:

    a. VAIHCS improperly imposed and automatically extended a summary suspension in violation of VA directives;

    b. VAIHCS's proposed removal was not signed by the Chief of Staff or the Acting Chief of Staff as required in accordance with VHA Directive 1100.19 when a major adverse action is combined with a revocation of privileges;

    c. VAIHCS failed to provide to Dr. Peterson with a complete copy of all the evidence upon which its charges leading to suspension and removal were based;

    d. The DAB failed to give Dr. Peterson a fair opportunity to respond in his own defense regarding the charges against him through their refusal to allow Dr. Peterson to proffer his rebuttal to the charges into evidence; and

    e. The DAB failed to properly apply the *Douglas* factors as to aggravation and/or mitigation as they related to Dr. Peterson. See *Douglas v. Veterans Administration*, 5 M.S.P.B. 313 (1981).

40. Dr. Peterson has a liberty interest in his professional reputation.

41. Defendant, by filing an AAR with the NPDB regarding the revocation of Dr. Peterson's privileges will impose a stigma on Dr. Peterson and will foreclose him the freedom to take advantage of other opportunities by eliminating his ability to find another job as a physician, effectively barring him from the practice of medicine in violation of his substantive due process rights.

42. These violations of Dr. Peterson's due process rights have injured Dr. Peterson and will continue to injure Dr. Peterson in the absence of declaratory and injunctive relief.

## PRAYER FOR RELIEF

WHEREFORE, Dr. Peterson respectfully requests that the Court award the following relief:

A. Set aside the VA's final administrative/agency action approving and executing the DAB's decision upholding VAIHCS's action as the action was: (1) arbitrary, capricious, an abuse of discretion, and otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; and (3) unsupported by substantial evidence.

B. Reverse the decision to remove Dr. Peterson from federal employment and restore his clinical privileges at VAIHCS;

C. Declare Defendant's conduct as outlined above to be a violation of Dr. Peterson's due process rights under the U.S. Constitution, federal statutes and/or directives;

D. Award Dr. Peterson back pay in accordance with the Back Pay Act, 5 U.S.C. § 5596;

E. Order the Department of Veterans Affairs to rescind and expunge Dr. Peterson's VA records relating to this matter;

F. Order the Defendant to rescind, void, and remove its report against Dr. Peterson from the National Practitioner Data Bank and/or State Licensing Boards;

G. Order the Department of Veterans Affairs to comply with applicable law, rule, regulation and procedure—specifically the substantive provisions of 38 U.S.C.

§7462 and the due process rights afforded to Dr. Peterson under Title 5 of the United States Code;

H. Award Dr. Peterson reasonable attorneys' fees and costs in bringing this action; and

I. For any further relief this Court deems appropriate.


Ronald S. Langacker, #6239469  
Langacker Law, Ltd.  
210 N. Broadway  
Urbana, Illinois 61801  
(217) 954-1025  
ron@langackerlaw.com  

DR. JOHN A. PETERSON,  
PLAINTIFF  

By: /s/Ronald S. Langacker  
Ronald S. Langacker  
Attorney for Plaintiff