E-FILED
Tuesday, 30 November, 2021  10:38:53 AM
Clerk, U.S. District Court, ILCD

# STEIGMANN LAW PC

1807 Woodfield Drive
Savoy, IL 61874     F 217.351.5819
WWW.STEIGMANNLAW.COM

David C. Steigmann, *Attorney*
Garrett von Schaumburg, *Attorney*
George Vargas, *Attorney*

November 10, 2020

**Via Electronic Mail, Fax and USPS to**
**Vaco051cacgohrm@va.gov, (202) 495-5200**

Office of Human Resources Management
Employee Relations and Performance Management Service (051)
810 Vermont Avenue, N.W.
Washington, DC 20420

    *Re:*    *Notice of Appeal to Disciplinary Appeals Board – Dr. John Peterson*

Dear Madam/Sir:

On January 20, 2020, our law firm sent formal written notice to the Danville VA that we had been retained by Dr. Peterson in the matter concerning a notice of a summary suspension of clinical privileges. Dr. Peterson was initially given notice on January 17, 2020, that he was subject of a comprehensive review. **(See Exhibit A.)**

For the next nine months Dr. Peterson would receive additional notices extending his summary suspension. The notice of suspension dated February 12, 2020, listed the reason for the extension as "an additional 30 calendar days to allow for the Medical Center Director and Chief of Staff to complete any necessary duties under the Bylaws and Rules of the Medical Staff of the VA Illiana Health Care System." **(See Exhibit B.)** The same reason for extending the summary suspension and the comprehensive review would be given by Shawn Bransky, Medical Center Director, on March 13, 2020. On April 15, 2020, the new extension notice now listed as the reason for extending the comprehensive review as "a result of COVID 19." **(See Exhibit C.)**

COVID 19 would be the listed reason for extending the summary suspension and comprehensive review for the next few months. The extension notice for September 14, 2020, once again listed the need for "an additional 30 calendar days to allow for the Medical Center Director and Chief of Staff to complete any necessary duties under the Bylaws and Rules of the Medical Staff of the VA Illiana Health Care System." **(See Exhibit D.)**

On October 13, 2020, Dr. Peterson was served with a notice that a review was being conducted regarding "concerns raised regarding your behavior or clinical practice…" **(See Exhibit E.)** Simultaneous to this notice, on October 14, 2020, Dr. Peterson was served with a memorandum recommending removal and revocation of clinical privileges. This memorandum was served by Dr. Vasanthu Naidu, Chief of Specialty Service. This memorandum listed two charges. The first charge was for "Failure to provide appropriate medical care" and the second

# Exhibit C

charge was for "Failure to follow instruction." It should be noted that Charge I listed **21 separate** specifications.

On October 16, 2020, our law firm sent written notice to Dr. Naidu requesting a ninety (90) day extension in order to prepare and submit a response to the charges. **(See Exhibit F.)** Additionally, the undersigned requested the same extension through Mr. Bransky. In denying our request for an extension, Mr. Bransky cites "timelines for these actions. **(See Exhibit G.)**

It is troubling that Mr. Bransky took this position considering he clearly took some liberties in extending the summary suspension. **VHA Handbook 1100.19** (Credentialing and Privileging) clearly states that in circumstances where the review cannot be accomplished in 30 days, the circumstances "should be documented." In Dr. Peterson's cases, the reasons for extending the review varied depending on the month. Additionally, VHA Handbook 1100.19 states that the process requires *appropriate due process*. In denying Dr. Peterson's extension request, Mr. Bransky took it upon himself to effectively deny Dr. Peterson the opportunity to engage an outside expert to review and render an opinion regarding the standard of care which form the bases of the charges levied against him.

On November 4, 2020, Dr. Peterson received a memo from Mr. Bransky stating that he was being removed from Federal employment effective November 9, 2020. **(See Exhibit H.)** In this memo, Mr. Bransky indicates "your oral reply was carefully considered …." We are confused as to what "oral reply" Mr. Bransky is referencing as none was given.

In accordance with **VA Handbook 5021/13** Part V, Chapter 1, please consider this letter as a formal written notice of appeal and request for a hearing before the Board.

The Appellant's name is: Dr. John Peterson,                                        Urbana, Illinois 61801. Telephone Number                    . Dr. Peterson's representative is the undersigned at gvargas@steigmannlaw.com or 217-351-5818.

Dr. Peterson is requesting a hearing before the Board. Additionally, Dr. Peterson is respectfully requesting sufficient time in order to secure a contract to complete an outside review. Additionally, the records which were presented to Dr. Peterson and served as the bases for his removal are incomplete. Dr. Peterson will need read-only access to the charges to more thoroughly review the cases. Dr. Peterson will also require the ability to request statistics of his practice and from the practices of the general medical staff; e.g. proportion of patients drug screened. Dr. Peterson will also require the ability to identify incomplete physician orders.

Please do not hesitate to contact me should you have any questions or concerns.

Very respectfully,

George Vargas
Attorney at Law

Exhibit A



**DEPARTMENT OF VETERANS AFFAIRS**
**ILLIANA HEALTH CARE SYSTEM**
Danville, IL 61832

January 17, 2020

In Reply Refer To: 550/11D

FOR OFFICIAL USE ONLY

John Peterson, M.D.
Surgical Service (112)
VA Illiana Health Care System
Danville, IL 61832

Subject: Summary Suspension

1.      This is to notify you that your privileges are summarily suspended effective January 17, 2020. This action is being taken upon the recommendation of the Chief of Staff since concerns have been raised to suggest that aspects of your clinical practice do not meet the accepted standards of practice and potentially constitute an imminent threat to patient welfare. Concerns were raised regarding your prescribing and management of pain management patients which led to the summary suspension. This suspension is in effect pending a comprehensive review of these concerns.

2.      You have the opportunity to provide any information you desire to provide regarding these concerns. Correspondence needs to be sent within 14 calendar days from your receipt of this notice, and addressed to:

Brooke Heckerson
VA Illiana Health Care System
Mail Code 11D
1900 E. Main St.
Danville, IL 61832

3.      The comprehensive review of the reasons(s) for the summary suspension must be accomplished within 30 calendar days of the suspension, with recommendations to proceed with formal procedures for reduction or revocation of clinical privileges forwarded to me for consideration and action. Within 5 working days of receipt of the recommendations, I will make a decision either to restore your privileges to an active status or that the evidence warrants proceeding with a reduction or revocation process. Since you cannot perform clinical duties during the review, you are removed from patient care and placed in an administrative position.

4.      Should the comprehensive review result in a tentative decision by me to restrict or revoke your privileges, and if appropriate, to take an adverse personnel action, you will be notified at that time of your rights as per VHA Handbook 1100.19 and VA Directive and

2. Summary Suspension Peterson, John M.D. (112)

Handbook 5021. You have a right to be represented by an attorney or other representative of your choice throughout the proceedings.

5. Summary suspension pending comprehensive review and due process is not reportable to the National Practitioner Data Bank (NPDB). However, if a final action against your clinical privileges is taken for professional incompetence or improper professional conduct, both the summary suspension and the final action, if greater than 30 days, will be reported to the NPDB, and a copy of the report must be sent to the State licensing boards in all states in which you hold a license and in Illinois, where the facility is located.

6. If you surrender or voluntarily accept a restriction of your clinical privileges, including by resignation or retirement, while your professional competence or professional conduct is under investigation during these proceedings or to avoid investigation, VA is required to file a report to the NPDB, with a copy to the appropriate State licensing board(s), pursuant to VA regulations in title 38 Code of Federal Regulations (CFR) Part 46 and VHA Handbook 1100.17, National Practitioner Data Bank Reports.

7. It is the policy of VA to report to State Licensing Boards those licensed health care professionals, whether currently employed or separated (voluntarily or otherwise), whose clinical practice during VA employment so significantly failed to meet generally accepted standards of clinical practice as to raise reasonable concern for the safety of patients (see 38 CFR Part 47). In the event you are found to not meet standards of care, consideration will be given whether, under these criteria, you should be reported to the appropriate State Licensing Board(s) pursuant to the provisions of VHA Handbook 1100.18, Reporting and Responding to State Licensing Boards.

8. If you have any questions regarding this matter, please contact Brooke Heckerson, Health Systems Specialist to Chief of Staff, at (217) 554-5079.

Shawn M. Bransky
Medical Center Director

Enclosure

I HAVE RECEIVED THE ORIGINAL AND ONE (1) COPY OF THIS LETTER.

_____          _____
Signature                                 Date

Exhibit B



**DEPARTMENT OF VETERANS AFFAIRS**
**ILLIANA HEALTH CARE SYSTEM**
**Danville, IL 61832**

February 12, 2020

In Reply Refer To: 550/11D

FOR OFFICIAL USE ONLY

John Peterson, M.D.
Surgical Service (112)
VA Illiana Health Care System
Danville, IL 61832

Subject: Summary Suspension

1.     As you are aware, your privileges were summarily suspended on January 17, 2020. This action was taken upon the recommendation of the Chief of Staff since concerns have been raised to suggest that aspects of your clinical practice did not meet the accepted standards of practice and potentially constitute imminent threat to patient welfare.  This notice is to advise you that the summary suspension of your privileges has been extended an additional 30 calendar days to allow for the Medical Center Director and Chief of Staff to complete any necessary duties under the Bylaws and Rules of the Medical Staff of the VA Illiana Health Care System.  You will be kept informed of the status as the review continues.

2.     The comprehensive review of the reasons(s) for the summary suspension must be accomplished within 30 calendar days of the suspension, with recommendations to proceed with formal procedures for reduction or revocation of clinical privileges forwarded to me for consideration and action. Within 5 working days of receipt of the recommendations, I will make a decision either to restore your privileges to an active status or that the evidence warrants proceeding with a reduction or revocation process. Since you cannot perform clinical duties during the review, you are removed from patient care and placed in an administrative position.

3.     Should the comprehensive review result in a tentative decision by me to restrict or revoke your privileges, and if appropriate, to take an adverse personnel action, you will be notified at that time of your rights as per VHA Handbook 1100.19 and VA Directive and Handbook 5021. You have a right to be represented by an attorney or other representative of your choice throughout the proceedings.

4.     Summary suspension pending comprehensive review and due process is not reportable to the National Practitioner Data Bank (NPDB). However, if a final action against your clinical privileges is taken for professional incompetence or improper professional conduct, both the summary suspension and the final action, if greater than 30 days, will be reported to the NPDB, and a copy of the report must be sent to the State

2. Summary Suspension – Peterson, John M.D. (112)

licensing boards in all states in which you hold a license and in Illinois, where the facility is located.

5.    If you surrender or voluntarily accept a restriction of your clinical privileges, including by resignation or retirement, while your professional competence or professional conduct is under investigation during these proceedings or to avoid investigation, VA is required to file a report to the NPDB, with a copy to the appropriate State licensing board(s), pursuant to VA regulations in title 38 Code of Federal Regulations (CFR) Part 46 and VHA Handbook 1100.17, National Practitioner Data Bank Reports.

6.    It is the policy of VA to report to State Licensing Boards those licensed health care professionals, whether currently employed or separated (voluntarily or otherwise), whose clinical practice during VA employment so significantly failed to meet generally accepted standards of clinical practice as to raise reasonable concern for the safety of patients (see 38 CFR Part 47). In the event you are found to not meet standards of care, consideration will be given whether, under these criteria, you should be reported to the appropriate State Licensing Board(s) pursuant to the provisions of VHA Handbook 1100.18, Reporting and Responding to State Licensing Boards.

7.    If you have any questions regarding this matter, please contact Brooke Heckerson, Health Systems Specialist to Chief of Staff, at (217) 554-5079.

Medical Center Director

Enclosure

I HAVE RECEIVED THE ORIGINAL AND ONE (1) COPY OF THIS LETTER.

_____          2/12/20
Signature                          Date

APR-17-2020 FRI 04:24 PM     ACES ROCC               FAX No. 217 344 2819              P. 002

Exhibit C



DEPARTMENT OF VETERANS AFFAIRS
ILLIANA HEALTH CARE SYSTEM
Danville, IL 61832

April 15, 2020

In Reply Refer To: 550/11D

FOR OFFICIAL USE ONLY

John Peterson, M.D.
Surgical Service (112)
VA Illiana Health Care System
Danville, IL 61832

Subject: Summary Suspension

1.     . As you are aware, your privileges were summarily suspended on January 17, 2020. This action was taken upon the recommendation of the Chief of Staff since concerns have been raised to suggest that aspects of your clinical practice did not meet the accepted standards of practice and potentially constitute imminent threat to patient welfare.  This notice is to advise you that the summary suspension of your privileges has been extended an additional 30 calendar days due to the delay of the comprehensive review as a result of COVID 19. You will be kept informed of the status as the review continues.

2.     The comprehensive review of the reasons(s) for the summary suspension must be accomplished within 30 calendar days of the suspension, with recommendations to proceed with formal procedures for reduction or revocation of clinical privileges forwarded to me for consideration and action. Within 5 working days of . receipt of the recommendations, I will make a decision either to restore your privileges to an active status or that the evidence warrants proceeding with a reduction or revocation process. Since you cannot perform clinical duties during the review, you are removed from patient care and placed in an administrative position.

3.     Should the comprehensive review result in a tentative decision by me to restrict or revoke your privileges, and if appropriate, to take an adverse personnel action, you will be notified at that time of your rights as per VHA Handbook 1100.19 and VA Directive and Handbook 5021. You have a right to be represented by an attorney or other representative . of your choice throughout the proceedings.

4.     Summary suspension pending comprehensive review and due process is not reportable to the National Practitioner Data Bank (NPDB). However, if a final· action against your clinical privileges is taken for professional incompetence or improper professional conduct, both the summary suspension and the final action, if greater than 30 days, will be reported to the NPDB, and a copy of the report must be sent to the State licensing boards in all states in which you hold a license and in Illinois, where the facility is located.

2. Summary Suspension – Peterson, John M.D. (112)

5.     If you surrender or voluntarily accept a restriction of your clinical privileges, including by resignation or retirement, while your professional competence or professional conduct is under investigation during these proceedings or to avoid investigation, VA is required to file a report to the NPDB, with a copy to the appropriate State licensing board(s), pursuant to VA regulations in title 38 Code of Federal Regulations (CFR) Part 46 and VHA Handbook 1100.17, National Practitioner Data Bank Reports.

6.     It is the policy of VA to report to State Licensing Boards those licensed health care professionals, whether currently employed or separated (voluntarily or otherwise), whose clinical practice during VA employment so significantly failed to meet generally accepted standards of clinical practice as to raise reasonable concern for the safety of patients (see 38 CFR Part 47). In the event you are found to not meet standards of care, consideration will be given whether, under these criteria, you should be reported to the appropriate State Licensing Board(s) pursuant to the provisions of VHA Handbook 1100.18, Reporting and Responding to State Licensing Boards.

7.     If you have any questions regarding this matter, please contact Brooke Heckerson, Health Systems Specialist to Chief of Staff, at (217) 554-5079.

Shawn M. Bransky
Medical Center Director

Enclosure

I HAVE RECEIVED THE ORIGINAL AND ONE (1) COPY OF THIS LETTER.

_____          April 16, 2020
Signature                          Date

SEP-22-2020 TUE 02:44 PM    ACES ROCC        FAX No. 217 344 2819        P. 002

Exhibit D



DEPARTMENT OF VETERANS AFFAIRS
ILLIANA HEALTH CARE SYSTEM
Danville, IL 61832

September 14, 2020

In Reply Refer To: 550/11D

FOR OFFICIAL USE ONLY

John Peterson, M.D.
Surgical Service (112)
VA Illiana Health Care System
Danville, IL 61832

Subject: Summary Suspension

1.     As you are aware, your privileges were summarily suspended on January 17, 2020. This action was taken upon the recommendation of the Chief of Staff since concerns have been raised to suggest that aspects of your clinical practice did not meet the accepted standards of practice and potentially constitute imminent threat to patient welfare. The comprehensive review has been completed. This notice is to advise you that the summary suspension of your privileges has been extended an additional 30 calendar days to allow for the Medical Center Director and Chief of Staff to complete any necessary duties under the Bylaws and Rules of the Medical Staff of the VA Illiana Health Care System. You will be kept informed of the status as the review continues.

2.     The comprehensive review of the reasons(s) for the summary suspension must be accomplished within 30 calendar days of the suspension, with recommendations to proceed with formal procedures for reduction or revocation of clinical privileges forwarded to me for consideration and action. Within 5 working days of receipt of the recommendations, I will make a decision either to restore your privileges to an active status or that the evidence warrants proceeding with a reduction or revocation process. Since you cannot perform clinical duties during the review, you are removed from patient care and placed in an administrative position.

3.     Should the comprehensive review result in a tentative decision by me to restrict or revoke your privileges, and if appropriate, to take an adverse personnel action, you will be notified at that time of your rights as per VHA Handbook 1100.19 and VA Directive and Handbook 5021. You have a right to be represented by an attorney or other representative of your choice throughout the proceedings.

4.     Summary suspension pending comprehensive review and due process is not reportable to the National Practitioner Data Bank (NPDB). However, if a final action against your clinical privileges is taken for professional incompetence or improper professional conduct, both the summary suspension and the final action, if greater than 30 days, will be reported to the NPDB, and a copy of the report must be sent to the State

·2. Summary Suspension – Peterson, John M.D. (112)

licensing boards in all states in which you hold a license and in Illinois, where the facility is located.

5.      If you surrender or voluntarily accept a restriction of your clinical privileges, including by resignation or retirement, while your professional competence or professional conduct is under investigation during these proceedings or to avoid investigation, VA is required to file a report to the NPDB, with a copy to the appropriate State licensing board(s), pursuant to VA regulations in title 38 Code of Federal Regulations (CFR) Part 46 and VHA Handbook 1100.17, National Practitioner Data Bank Reports.

6.      It is the policy of VA to report to State Licensing Boards those licensed health care professionals, whether currently employed or separated (voluntarily or otherwise), whose clinical practice during VA employment so significantly failed to meet generally accepted standards of clinical practice as to raise reasonable concern for the safety of patients (see 38 CFR Part 47). In the event you are found to not meet standards of care, consideration will be given whether, under these criteria, you should be reported to the appropriate State Licensing Board(s) pursuant to the provisions of VHA Handbook 1100.18, Reporting and Responding to State Licensing Boards.

7.      If you have any questions regarding this matter, please contact Brooke Heckerson, Health Systems Specialist to Chief of Staff, at (217) 554-5079.


Shawn M. Bransky
Medical Center Director

Enclosure

I HAVE RECEIVED THE ORIGINAL AND ONE (1) COPY OF THIS LETTER.

9 | 14 | 2020

Signature                              Date

Exhibit E



**DEPARTMENT OF VETERANS AFFAIRS**
**ILLIANA HEALTH CARE SYSTEM**
Danville, IL 61832

October 13, 2020

In Reply Refer To: 550/11D

FOR OFFICIAL USE ONLY

John Peterson, M.D.
Surgical Service (112)
VA Illiana Health Care System
Danville, IL 61832

Dear Dr. Peterson:

This is a notice to advise you that we are making a review of the concerns raised regarding your behavior or clinical practice, specifically your deficient clinical documentation. These concerns suggest that you may have so significantly failed to meet generally-accepted standards of clinical practice as to raise reasonable concern for the safety of patients.

The Privacy Act requires that we attempt to collect information regarding these concerns to the greatest extent practicable directly from you. Our legal right to ask for information is Title 38 United States Code, Sections 501, 7401-7405 and their regulations. The information collected will be used to aid in making a determination whether to initiate a report to the appropriate State Licensing Boards (SLB), if there is substantial evidence that would support the above described concerns. Our review is intended to provide sufficient information to enable a full and fair decision in this matter. We will make the best decision possible on the basis of the information available to us, even if you decide not to provide any information. Any information you provide is voluntary and will be maintained in the Department of Veterans Affairs (VA) Privacy Act System of Records 77VA10Q, Health Care Provider Credentialing and Privileging Records – VA, which may be available to the SLB, similar licensing bodies, or to other types of law enforcement authorities under the Privacy Act routine use authority. Any information you desire to provide regarding the concerns should be addressed to Brooke Heckerson at VA Illiana Health Care System, 1900 East Main Street, Danville, Illinois 61832, within 14 calendar days from your receipt of this notice, who may be reached at (217) 554 5079.

Should the review result in a tentative determination to make a report to the appropriate SLB, you will be further advised and provided an opportunity to address what is proposed to be reported.

Sincerely yours,

Shawn M. Bransky
Director

I HAVE RECEIV    E ORIGINAL AND ONE (1) COPY OF THIS LETTER.

10 | 14 | 2020

_____    _____
Signature                          Date





DEPARTMENT OF VETERANS AFFAIRS
ILLIANA HEALTH CARE SYSTEM
Danville, IL 61832

In Reply Refer To:  550/05

FOR OFFICIAL USE ONLY

October 13, 2020

John Peterson
Surgical Service (112)
VA Illiana Health Care System
Danville, IL 61832

Subject:  Proposed Removal and Revocation of Clinical Privileges

1.     It is proposed to remove you from Federal Service and revoke your clinical privileges for
the following reasons:

**CHARGE I.**        **Failure to Provide Appropriate Medical Care**

**Specification 1.**        Between January 25, 2019, and January 24, 2020, you prescribed fentanyl
and hydrocodone to Patient A, who had a documented history of alcohol use, dependency, and
recurrence. The opioid dosage was high, creating risk for adverse events. Your treatment did not
meet the standard of care.

**Specification 2.**        Between January 25, 2019 and January 24, 2020, you failed to conduct urine
drug testing for Patient B within the 90-day window or 30 days prior to dispensing. Your treatment
did not meet the standard of care.

**Specification 3.**        Between January 25, 2019 and January 24, 2020, you increased the dose of
methadone from 15 mg/d to 20 mg/d to fentanyl to Patient C. Your documentation and rationale
were insufficient to justify the use of this medication in the treatment regimen of the patient. Your
treatment did not meet the standard of care.

**Specification 4.**        Between January 25, 2019 and January 24, 2020, you increased the dose of
clonazepam for Patient D. Your documentation and rationale were insufficient to justify the use of
this medication in the treatment regiment of the patient. Your treatment did not meet the standard
of care.

**Specification 5.**        Between January 25, 2019, and January 24, 2020, you failed to conduct urine
drug testing for Patient E within the 90-day window or 30 days prior to dispensing, who had a prior

2. Proposed Removal – Peterson, John (112)

positive urine drug screen for cannabis. You failed to document methadone . Your treatment did not meet the standard of care. –

**Specification 6.**       Between January 25, 2019 and January 24, 2020, you failed to conduct urine drug testing for Patient F within the 90-day window or 30 days prior to dispensing. You failed to document and update the written informed consent when opioid therapy was switched to sublingual buprenorphine.  Your documentation was insufficient to justify the medications used in the treatment regimen of the patient. Your treatment did not meet the standard of care.

**Specification 7.**       Between January 25, 2019, and January 24, 2020, you prescribed 60 mg/d of morphine to Patient G but failed to document the risks of adding ambien. Your documentation and rationale were insufficient to justify the use of this medication in the treatment regimen of the patient. Your treatment did not meet the standard of care.

**Specification 8.**       Between January 25, 2019, and January 24, 2020, you failed to conduct urine drug testing for Patient H, who had a documented history of alcohol use, abuse, dependence, and reoccurrence, within the 90-day window or 30 days prior to dispensing. Your treatment did not meet the standard of care.

**Specification 9.**       Between January 25, 2019, and January 24, 2020, you increased the usage of hydrocodone from 7.5mg 120/month to 7.5mg 180/ month for Patient I, who had a documented history of alcohol use, drug abuse, dependence, and recurrence. The opioid dosage was high, creating risk factors for adverse events. Your treatment did not meet the standard of care.

**Specification 10.**       Between January 25, 2019, and January 24, 2020, you prescribed buprenorphine in combination with EtOH, benzodiazepines for Patient J, who had a documented history alcohol use, abuse, dependence and recurrence. The medication combination did not meet the standard of care.

**Specification 11.**       Between January 25, 2019, and January 24, 2020, you failed to you failed to recognize the high risk category of aberrant substance use to due high SOAPR-R scores for Patient K, however you prescribed the patient hydrocodone. Your documentation was insufficient to justify the medications used in the treatment regimen of the patient. Your treatment did not meet the standard of care.

**Specification 12.**       Between January 25, 2019, and January 24, 2020, you increased the prescribed dosage of hydrocodone to Patient L, who had a documented dependency of gabapentin. Your documentation was insufficient to justify the medications used in the treatment regiment of the patient. Your treatment did not meet the standard of care.

**Specification 13.**       Between January 25, 2019, and January 24, 2020, you prescribed hydrocode to Patient M but failed to conduct urine drug testing within the 90-day window or 30 days prior to dispensing it. Your treatment plan did not meet the standard of care.

3. Proposed Removal – Peterson, John (112)

**Specification 14.**     Between January 25, 2019, and January 24, 2020, you prescribed 75mg of oxycodone to patient N, who had a documented history of alcohol use, abuse, dependence and recurrence. Your documentation was insufficient to justify the medications used in the treatment regimen of the patient. Your treatment did not meet the standard of care.

**Specification 15.**     Between January 25, 2019 and January 24, 2020, you continued to prescribe hydrocodone to Patient O. Your documentation and rationale were insufficient to justify the mediation used in the treatment regimen of the patient. Your treatment did not meet the standard of care.

**Specification 16.**     Between January 25, 2019, and January 24, 2020, you failed to document risk strategies, obtain consent, and document query PDMP for Patient P. You failed to meet the standard of care.

**Specification 17.**     Between January 25, 2019, and January 24, 2020, you prescribed oxycodone to Patient Q. Your documentation and rationale was insufficient to justify the use of this medication in the treatment regimen of the patient. Your treatment did not meet the standard of care.

**Specification 18.**     Between January 25, 2019, and January 24, 2020, you failed to obtain a urine drug screen during the one-year window for Patient R. You failed to discuss with Patient R and document risks associated with long term opioid therapy and tapering. Your treatment did not meet the standard of care.

**Specification 19.**     Between January 25, 2019, and January 24, 2020, you failed to discuss the risks of long-term opioid therapy with Patient S. Your treatment did not support the standard of care.

**Specification 20.**     Between January 25, 2019, and January 24, 2020, you failed to discuss the risks of long-term opioid therapy with Patient T. Your treatment did not support the standard of care.

**Specification 21.**     Between January 26, 2019, and January 24, 2020, you increased the dose of naloxone from 150 m/d to 165 mg/d in combination with morphine SR 30 TID, morphine IR 15 mg TID and hydrocodone 10 for Patient U. The opioid dosage was high, creating the risk for adverse events. This medication combination did not meet the standard of care.

4. Proposed Removal – Peterson, John (112)

**CHARGE II.**         **Failure to Follow Instruction**

**Specification 1.**         On August 24, 2020, while screening at the entrance of Building 98, you spoke with Patient V regarding his medication regimen that was advised by another provider. You proceeded to tell the patient that you did not agree and advised him to go to St. Louis to seek treatment. On January 17, 2020, you received a memorandum, Change to Administrative Status, in which you were instructed to not have any further contact with any VAIHCS patients during your administrative status.

2.     **RIGHT TO REPLY:** In accordance with 38 U.S.C. § 7462, which was modified by Public Law 115-41, Section 208 on June 23, 2017, the period for you to respond to this notice of proposed removal and revocation of clinical privileges is seven (7) business days from receipt of this notice. Business days are defined as Monday through Friday, in Washington D.C., excluding Federal holidays. If you chose to reply, you may do so orally, or in writing, or both orally and in writing, and you may submit affidavits and other documentary evidence in support of your reply, showing why the charges are unfounded and any other reasons the proposed action should not be effected. If you elect to submit a written reply, it must be submitted to the Medical Center Director, and received no later than 11:59 pm, 7 business days from receipt of this notice. If you wish to present an oral reply to the Medical Center Director, it is your responsibility to contact the Medical Center Director's Secretary, Sherry Overcast at (217) 554-5073, as soon as possible (typically no later than the 3rd business day after receipt of the proposed action) to make an appointment with them in sufficient time to ensure the meeting is convened prior to the expiration of the statutory deadline of seven (7) business days in which to reply to a proposed action.

3.     **RIGHT TO REVIEW EVIDENCE:** The evidence on which this notice of proposed action is based is enclosed. You will be allowed up to eight (8) hours of official duty time for reviewing the evidence relied on to support the reason(s) in this notice, preparing a written reply, securing affidavits, and for making a personal reply.. Arrangements for the use of official time or requests for additional time should be made with me.

4.     **AGGRAVATING FACTORS:** As a seasoned provider, you have hands on responsibility to ensure the highest quality of patient care is provided to our Veterans in a safe and efficient manner. You were clearly on notice regarding appropriate policies and procedures. We expect the highest level of professionalism from our medical providers that include managing to improve the safety and effectiveness of pain management treatment for our Veterans.    The seriousness of this offense in relation to your prescribed duties brings question as to your potential for rehabilitation. These factors will be considered in determining the appropriate level of discipline, if one or more of the above reasons are sustained. You may reply orally or in writing, or both orally and in writing, with respect to these factors, and you may submit supporting evidence, including affidavits. In this regard, you may make a statement expressing your views as to the consideration to be given such factors in determining proper action.

5. Proposed Removal – Peterson, John (112)

5.     **RIGHT TO REPRESENTATION:**  You may be represented by an attorney or other representative of your choice at all stages of this matter, up to and including the issuance of the decision.  Any representative must be designated in writing.

6.     **DECISION:**  The final decision to affect the action proposed has not been made.   The Medical Center Director, who will make the final decision, will give full and impartial consideration to your reply(ies), if submitted.  You will be given a written decision within 15 business days of the date you receive the notice of proposed action.  If an action is effected, the applicable grievance or appeal rights will be included in the decision letter.

7.     **DUTY STATUS:**  You will be retained in a pay and duty status during the period of advance notice.

8.     **IMPACT OF DECISION REGARDING CLINICAL PRIVILEGES:**  If a decision is made to remove you from federal service and revoke your clinical privileges for reasons of professional incompetence or professional misconduct, the medical center will file a report with the National Practitioner Data Bank (NPDB) regarding the revocation of your clinical privileges (and the summary suspension of your privileges, if applicable) with a copy to the State Licensing Board (SLB) of Illinois and other SLBs in all states in which you are licensed.

9.     **IMPACT OF VOLUNTARY SURRENDERING REVOCATION OF PRIVILEGES:**  Should you surrender or voluntarily accept a restriction of your clinical privileges, or resign or retire from your medical staff position with the Department of Veterans Affairs while your professional competence or conduct is under investigation during these proceedings or to avoid investigation, your fair hearing and appeal rights regarding privileges will be limited to a hearing on whether you took such action while under investigation for professional incompetence, professional misconduct or substandard care.

10.     **REPORTING TO STATE LICENSING BOARD.**  It is the policy of VA to report to the State Licensing Boards those licensed health care professionals, whether currently employed or separated, voluntarily or otherwise, whose clinical practice during VA employment so significantly failed to meet generally accepted standards of clinical professional practice as to raise reasonable concerns for the safety of patients.  In the event you are found to not meet standards of care, consideration will be given whether, under these criteria, you should be reported to the State Licensing Board(s).

11.     If you have any questions or do not understand the above reasons why your removal is proposed, contact me, or Latisha Watson, Employee Relations Specialist, at (217) 554-3266.

6. Proposed Removal – Peterson, John (112)

Vasanthan Naidu
Chief, Specialty Service

Enclosure: Evidence File

I HAVE RECEIVED THE ORIGINAL AND ONE (1) COPY OF THIS LETTER.

| | 10  14  2020 |
|---|---|
| Signature | Date |

Exhibit F

 **STEIGMANN LAW** PC

1807 Woodfield Drive    P 217.351.5818
Savoy, IL 61874    F 217.351.5819
WWW.STEIGMANNLAW.COM

David C. Steigmann, *Attorney*
Garrett von Schaunburg, *Attorney*
George Vargas, *Attorney*

October 16, 2020

Vasanthan Naidu
Chief, Specialty Service
VA Illiana Health Care System
Danville, IL 61832

> **Re:** *Notice of Proposed Removal and Revocation of Clinical Privileges – Dr. John Peterson*

Dear Mr. Naidu:

On January 20, 2020, our law firm sent formal written notice to the VA that we had been retained by Dr. Peterson in this matter. On October 13, 2020, you served our client with a memo in which you level two separate charges that the VA claims warrant removal and removal of clinical privileges. In "Charge I" alone, you cite 21 separate specifications wherein you claim Dr. Peterson's treatment did not meet "the standard of care."

Due to the complexity of the charges, and in the interests of justice, I am respectfully requesting, on behalf of our client, that he be granted **ninety (90) calendar days** in order to review the specifications against him and prepare an adequate response. The additional time will be required in order to conduct an outside review of the specific charges against Dr. Peterson.

Based on your memo to Dr. Peterson, please be advised that additionally our law firm will follow up with the Medical Center Director's Secretary to advise the Director that we are seeking a ninety (90) calendar day extension in order to properly respond to the specifications.

As the VA has kept Dr. Peterson in limbo for over nine months, we feel that requesting this extension is warranted and completely appropriate.

Please do not hesitate to contact me should you have any questions or concerns.

Very respectfully,

George Vargas
Attorney at Law

Cc:
client

Exhibit 6

| | |
|---|---|
| **From:** | Bransky, Shawn M. |
| **To:** | George Vargas |
| **Subject:** | RE: Dr. John Peterson |
| **Date:** | Thursday, October 29, 2020 2:12:33 PM |
| **Attachments:** | image001.png |

Sir-

I was made aware that our human resources officials had already responded to your request for an extension. An excerpt of that email follows:

Unfortunately, we are unable to grant an extension, as the statutory requirement to issue a decision within 15 business days after issuance of the proposal is required by the agency. Dr. Peterson was issued a proposed removal on October 14, 2020. The agency is required to provide a written decision to Dr. Peterson by November 4, 2020.

I concur with the denial of an extension based on statutory requirements that dictate timelines for these actions.

Shawn

**From:** George Vargas <gvargas@steigmannlaw.com>
**Sent:** Thursday, October 29, 2020 1:38 PM
**To:** Bransky, Shawn M. <Shawn.Bransky2@va.gov>
**Subject:** [EXTERNAL] FW: Dr. John Peterson

Dear Mr. Bransky:

Per our telephone conversation this date, please find a copy of the correspondence requesting an extension on behalf of Dr. Peterson. I look forward to receiving your prompt response.

Best,

George.

**From:** George Vargas
**Sent:** Friday, October 16, 2020 2:46 PM
**To:** Vasanthan.Naidu@va.gov
**Subject:** Dr. John Peterson

Dear Mr. Naidu:

Attached please find a copy of correspondence being mailed to you this date reference Dr. Peterson. As stated in the later, we are respectfully requesting a **90 day extension** in order to conduct a thorough review of the charges against Dr. Peterson.

Please do not hesitate to contact me if you have any questions or concerns. Thank you.

Respectfully,



George Vargas, Attorney at Law
Steigmann Law, P.C.
1807 Woodfield Drive
Savoy, Illinois 61874
Tele (217) 351-5818 Fax (217) 351-5819
gvargas@steigmannlaw.com
www.steigmannlaw.com

Notice:  This communication is covered by the Electronic Communications Privacy Act (18 U.S.C.
2510 et. seq.) and is intended to remain confidential and is subject to attorney client and work
product privileges. If you are not the intended recipient of this message, or if this message has been
addressed to you in error, please immediately alert the sender by reply e-mail and delete this
message (and any attachments). Do not disclose, deliver, distribute or copy this email (and any
attachments).

Exhibit H



**DEPARTMENT OF VETERANS AFFAIRS**
**ILLIANA HEALTH CARE SYSTEM**
**Danville, IL 61832**

In Reply Refer To: 550/05

FOR OFFICIAL USE ONLY

November 4, 2020

John Peterson
Surgical Service (112)
VA Illiana Health Care System
Danville, IL 61832

Subject:  Removal and Revocation of Privileges

1.     In connection with the notice of proposed removal and revocation of privileges on October 14, 2020, a decision has been made to remove you from Federal employment effective November 9, 2020, and revoke your privileges based on the following reasons:

   a)     Failure to provide appropriate medical care;
   b)     Failure to follow instruction.

2.     In reaching this decision, your oral reply was carefully considered along with all the evidence developed and provided to you.  You did not supply a written response.

3.     This decision also takes into consideration the aggravating factors cited in your notice of proposed removal:  As a seasoned provider, you have hands on responsibility to ensure the highest quality of patient care is provided to our Veterans in a safe and efficient manner.   You were clearly on notice regarding appropriate policies and procedures. We expect the highest level of professionalism from our medical providers that include managing to improve the safety and effectiveness of pain management treatment for our Veterans. The seriousness of this offense in relation to your prescribed duties brings question as to your potential for rehabilitation.   These factors were considered in determining the appropriate level of discipline.  I have also considered other factors including your years of service, your past work record, the seriousness of the offense(s) with which you have been charged, and whether there are any mitigating or extenuating circumstances which would justify mitigation of the proposed penalty.  I have concluded that the sustained charge(s) against you are of such gravity that mitigation of the proposed penalty is not warranted, and that the penalty of discharge is appropriate and within the range of reasonableness.

4.     You will be retained in a pay and duty status until the effective date of your removal.

2. Removal – Peterson, John (112)

5.    Since the reason for the action as stated in the notice of proposed removal and revocation of clinical privileges involves a question of professional conduct or competence, you have the right to appeal both of these decisions to the Disciplinary Appeals Board (DAB) and to request a formal hearing before the Board.  Your request for a formal hearing must be submitted in writing in conjunction with your appeal.  In accordance with 38 U.S.C. § 7462, which was modified by Public Law 115-41, Section 208 on June 23, 2017, the appeal must be filed with the Under Secretary for Health so as to be received no later than 7 business days after your receipt of this decision. Please fax your appeal to (202) 495-5200, or scan the appeal as a .pdf document and email it to vaco051cacgohrm@va.gov,

If you prefer to mail your appeal, it must be sent to the following address via trackable delivery, and with an annotation on the outside of the envelope that the material is time sensitive:

>    Office of Human Resources Management, Employee Relations and Performance
>    Management Service (051)
>    810 Vermont Ave., N.W.
>    Washington, DC 20420

If you have any questions regarding how to submit your appeal, or if you would like to confirm that your appeal was received, you may contact the Office of Human Resources Management Employee Relations and Performance Management Service (051) via telephone at (202) 461-5983.

6.    **IMPACT OF DECISION REGARDING CLINICAL PRIVILEGES**:  In finding that the removal and revocation of clinical privileges are based on substandard care, professional misconduct or professional incompetence, the medical center is required to file a report with the National Practitioner Data Bank (NPDB) regarding the revocation of your clinical privileges (and the summary suspension of your privileges) with a copy to the State Licensing Board (SLB) and other SLBs in all states in which you are licensed, in accordance with VHA Handbook 1100.17. However, please be advised that such reporting requirement is not effective until you have exhausted your entitlements pursuant to VA Handbook 5021, Part V, Chapter 1.

7.    **IMPACT OF VOLUNTARY SURRENDER OF PRIVILEGES**:    Should you surrender or voluntarily accept a restriction of your clinical privileges, or resign or retire from your position with the Department of Veterans Affairs prior to the effective date of your separation, your fair hearing and appeal rights regarding privileges will be limited to a hearing on whether you took such action while under investigation for professional incompetence, professional misconduct or substandard care.

8.    **REPORTING TO STATE LICENSING BOARDS**:  It is the policy of VA to report to State Licensing Boards those licensed health care professionals, whether currently employed or separated, voluntarily or otherwise, whose clinical practice during VA employment so significantly failed to meet generally accepted standards of clinical practice as to raise reasonable concern for the safety of patients.  In the event you are found to not meet standards of care, consideration will be given whether, under these

3. Removal – Peterson, John (112)

criteria, you should be reported to the appropriate State Licensing Board(s) in accordance with VHA Handbook 1100.18.

9.   **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION (EEOC):** If you believe that this action is based on discrimination because of your race, color, religion, sex, national origin, age, or disabling condition, you may file a complaint of discrimination with VA in accordance with Office of Resolution Management (ORM) discrimination complaint procedures. Should you elect to do so, you may appeal this action by contacting ORM at 1-888-737-3361 within 45 calendar days of the effective date of this action.

10.   **OFFICE OF SPECIAL COUNSEL (OSC):** If you elect to seek corrective action by the OSC Complaints Examining Unit (https://osc.gov/), your complaint will be limited to a determination as to whether the agency took one or more personnel actions against you in violation of 5 U.S.C. § 2302(b) (prohibited personnel practices). This can include, but is not limited to, claims of reprisal for whistleblowing and/or engaging in protected activity. If you are making a claim of retaliation for engaging in one or more protected activities and OSC dismisses your claim, you may have the right to file an individual right of action (IRA) appeal to the MSPB, but such an appeal will be limited to an adjudication of whether you proved that your protected activity was a contributing factor in the effected action.

11.   A copy of VA Directive 5021, Part V, Chapter 1 and Human Resources Management Letter No. 05-17-08 are enclosed to provide you with necessary information regarding an appeal to the Disciplinary Appeals Board. A further explanation of your appeal rights may be obtained by consulting Latisha Watson, Employee Relations Specialist, at (217) 554-3266.

Shawn M. Bransky
Medical Center Director

Enclosure

I HAVE RECEIVED THE ORIGINAL AND ONE (1) COPY OF THIS LETTER.

_____          _____
Signature                                                    Date