UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| Dr. JOHN A. PETERSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No.: 2:21-cv-02293 |
| ) | |
| DENIS R. McDONOUGH, SECRETARY ) | |
| of VETERANS AFFAIRS, UNITED STATES ) | |
| DEPARTMENT OF VETERANS AFFAIRS, ) | |
| ) | |
| Defendant. ) | |

### PLAINTIFF'S MOTION TO COMPLETE OR SUPPLEMENT THE ADMINISTRATIVE RECORD

### INTRODUCTION

Plaintiff John A. Peterson, M.D. ("Dr. Peterson"), has brought this action pursuant to 5 U.S.C. § 701-706 of the Administrative Procedure Act, challenging the record of decision by the United States Department of Veterans Affairs ("VA" or "Defendant") regarding Plaintiff's removal from federal employment and revocation of medical practicing privileges with the VA Illiana Healthcare System ("VAIHCS").

On June 27, 2022, Defendant filed what purports to be the complete administrative record ("Record") in this cause [Docket #9]. However, the Record omits Dr. Peterson's written rebuttal ("Rebuttal") which had been submitted prior to the June 2, 2021 administrative hearing with the Disciplinary Appeals Board ("DAB"). The inclusion of Dr. Peterson's Rebuttal is critical for a complete judicial review of the administrative decision-making of the Defendant.

Plaintiff moves this Court to order the Defendant to complete the Administrative Record ("Record"), or in the alternative, supplement the record to include Dr. Peterson's Rebuttal which was offered into evidence during the DAB hearing on June 2, 2021.

## FACTUAL BACKGROUND

Dr. Peterson was employed by VA Illiana Healthcare System as a physician from February 21, 2016, until November 9, 2020. On January 17, 2021, VAIHCS summarily suspended Dr. Peterson's clinical privileges, and on October 13, 2020, the Chief of Staff of VAIHCS notified Dr. Peterson that they intended to remove him from federal service and revoke his clinical privileges (R. USA0031-0038). On November 4, 2020, the VAIHCS removed Dr. Peterson from federal service for failure to provide appropriate medical care (Record, USA0008-0027).

Dr. Peterson timely filed an appeal on November 10, 2020, and a requested an oral hearing before a Disciplinary Appeals Board with the VA Under Secretary of Health pursuant to 38 U.S.C. § 7462. Shortly thereafter, Dr. Peterson received the evidence file from Defendant in late November, which contained over 2,200 pages of documents in 67 separate sections, concerning 21 separate patients.

The DAB hearing was scheduled for June 2, 2021. On May 17, 2021, Dr. Peterson's counsel disclosed that Dr. Peterson planned to call Dr. Vera Bain as an expert consultant to the June 2, 2021 hearing (Exhibit 1). Within the disclosure, Dr. Peterson's counsel requested that the Board President briefly extend the hearing date until July in order to allow the expert witness time to review the voluminous evidence file. The DAB denied the request to continue on May 18, 2021, holding that "there is time for the expert witness, if approved, to review the evidence file prior to the hearing." (Exhibit 2). The DAB approved Dr. Bain to testify as an expert on May 19, 2021, just fourteen (14) days prior to the hearing.

On May 31, 2021, Dr. Peterson's counsel provided Defendant's counsel with Dr. Peterson's written Rebuttal to the allegations (Exhibit 3). On June 1, 2021, Dr. Peterson's attorney notified the DAB that they would not be calling Dr. Bain as an expert witness at the hearing and

in addition submitted the DAB with Dr. Peterson's written Rebuttal of the allegations (Exhibit 4). Dr. Peterson's counsel requested that Dr. Peterson's Rebuttal be submitted into evidence.

The DAB panel rejected the request to submit Dr. Peterson's Rebuttal into evidence. Further, the DAB did not even allow Dr. Peterson to properly cite to his Rebuttal during his testimony, stating that while Dr. Peterson was on the stand, he could "reference his notes" but not read them (R. 2064-65). On October 13, 2021, the DAB sustained the decision to remove Dr. Peterson from federal employment and revoke his privileges (R. USA2186-2202) .

Within their decision to remove Dr. Peterson from federal employment, the DAB characterized Dr. Peterson's Rebuttal as "154 pages of mostly single-spaced narrative." The decision stated there were "several instances" where Dr. Peterson appeared to be reading from his Rebuttal on the stand, which was expressly forbidden by the Board. (R. USA2198-2202)

Dr. Peterson filed his appeal pursuant to the Administrative Procedure Act ("APA") on November 30, 2021, alleging that the DAB had denied Dr. Peterson a fair opportunity to respond in his own defense by refusing to allow him to proffer his Rebuttal into evidence and not allowing him to properly reference his Rebuttal while testifying. Plaintiff, Dr. Peterson, requests that the Record in this matter be either completed or supplemented to include his Rebuttal.

## ARGUMENT

The judicial review of agency actions under 38 U.S.C. § 7462(f)(2) is governed by the Administrative Procedure Act (APA). After a plaintiff files a complaint alleging an APA violation, the Defendant agency certifies and files with the court what it asserts to be the administrative record upon which the challenged action was based and judicial review is to consider. *Pac. Shores Subdivision, Cal. Water Dist. v. U.S. Army Corps of Eng'rs*, 448 F. Supp. 2d 1, 5 (D.D.C. 2006).

If a Plaintiff disputes the contents of an administrative record submitted by the Defendant, they can request the Court either compel the agency to complete the administrative record, arguing that evidence which was considered by the agency in their decision was omitted, or request the record be supplemented, stating that while the materials Plaintiff wishes to incorporate, while not part of the record, should necessarily be included in order to properly adjudicate the claim. Plaintiff contends that his Rebuttal should be included as part of the Record, and in the alternative, the Record should be supplemented to include the Rebuttal.

**I. If Documents are Within the Agency's Files and Were Directly or Indirectly Considered by the Agency, a Motion for Record Completion Should be Granted.**

The APA requires the reviewing court have access to the complete administrative record when assessing agency action. *Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 419 (1971). 5 U.S.C. §706. Section 706 of the APA directs a court evaluating an agency action to "review the whole record or those parts of it cited by a party." 5 U.S.C. § 706; see also Fed. R. App. P. 16(a) (the record on review of an agency order "consists of the order involved; any findings or report on which the order is based; and the pleadings, evidence, and other parts of the proceedings before the agency"). The complete administrative record is to be based upon the entire administrative record before the agency when it made its decision and necessarily includes documents that "were directly or indirectly" considered by the agency in making its decision. *Id.* at 420. "The record properly consists of all relevant documents before the agency at the time of the decision, not simply those that the agency relied upon in reaching its decision." *Wilderness Soc., Center for Native Ecosystems v. Wisely*, 524 F.Supp.2d 1285, 1295 (D. Colo. 2007). A document located within the agency's files is considered "before the agency" and is necessarily a part of the administrative record. See *Cnty. Of San Miguel v. Kempthorne,* 587 F. Supp. 2d 64, 76

4

(D.C. Cir. 2008) ("It is axiomatic that documents created by an agency itself or otherwise located in its files were before it.").

Based on the VA's own internal directives, Dr. Peterson's Rebuttal should be included in the certified record. The Rebuttal was produced to the DAB and opposing counsel, ruled on by the DAB during the hearing, referenced by Dr. Peterson during the hearing while he testified, and referenced at length within their October 13, 2021 decision. The directive for disciplining non-probationary VA employees can be found at VA Directive 5021, Part V, entitled *Title 38 Appeals to the Disciplinary Appeals Board* (Exhibit 5). In addition to providing the guidelines for appointing the DAB and conducting hearings, the Directive also states what should be included within a case record:

> "**g. Case Record** (1)The case record will consist of the notice of proposed adverse action, appellant's reply, if any, all evidence (documents or testimony) relied upon by the Board in reaching its decision, notice of decision to appellant, appellant's request for a hearing, Deputy Under Secretary for Health's or designee's appointment of Board, Board communications and notices related to the hearing, **any Board rulings or submissions of the parties**, verbatim record of any formal hearing, Board Action (VA Form 10-2543), Deputy Under Secretary for Health's execution of the Board's recommendation, and any Notification of Personnel Action (SF-50B)." *VA Directive 5021 Part V, Chapter 1, Section 9(g)*. (emphasis added)

The fact that the Rebuttal was not entered into evidence during the DAB hearing is not relevant, as even under VA Guidelines, the Rebuttal would constitute a submission by Dr. Peterson. There is no question that the DAB considered Dr. Peterson's Rebuttal in issuing their decision, therefore Plaintiff requests the Record should be completed to include this document.

**II. In the Alternative, The Court Should Supplement the Administrative Record to Include Dr. Peterson's Rebuttal.**

In the event that this Court finds that the Record was complete, in the alternative Plaintiff hereby moves to supplement the Record to add his Rebuttal.

Where an agency deliberately or negligently fails to include certain documents in the record filed with the court, supplementation of the administrative record is justified. Circumstances allowing for supplemental evidence include situations it appears the agency has relied on documents or materials not included in the record," *Miami Nation of Indians of Indiana, Inc. v. Babbitt*, 55 F. Supp. 2d 921, 924 (N.D. Ind. 1999) quoting *Portland Audubon Soc. v. Endangered Species Committee*, 984 F.2d 1534, 1548 (9th Cir. 1993). If "further explanation is necessary to a proper assessment of the agency's decision" then supplementing the record is warranted. *Camp v. Pitts*, 411 U.S. 138, 143 (1973).

For the same reasons discussed *infra*, the Record should be supplemented to add Plaintiff's Rebuttal. Plaintiff is alleging the Defendant refused to provide him with a meaningful opportunity to respond to the Defendant's allegations. Plaintiff has plead that the DAB acted arbitrary and capriciously, and this charge cannot be adequately considered without reviewing the document which Plaintiff attempted to submit in his defense but which was denied admission into evidence. Plaintiff's Rebuttal should be included within the Record as its incorporation is necessary for the Court to properly adjudicate Plaintiff's cause of action.

## **CONCLUSION**

For the reasons stated above, Plaintiff respectfully requests the Court grant this Motion, and require that Dr. Peterson's Rebuttal (Exhibit 4) be made part of the Administrative Record.

| | |
|---|---|
| Ronald S. Langacker, #6239469<br>Langacker Law, Ltd.<br>210 N. Broadway<br>Urbana, Illinois 61801<br>(217) 954-1025<br>ron@langackerlaw.com | DR. JOHN A. PETERSON,<br>PLAINTIFF<br><br>By: /s/Ronald S. Langacker<br>Ronald S. Langacker<br>Attorney for Plaintiff |

6