2:21-cv-02293-CSB-EIL   #19-4   Filed: 08/11/22   Page 1 of 10

2:21-cv-02293-CSB-EIL   #19   Filed: 08/11/22   Page 13 of 138

E-FILED
Thursday, 11 August, 2022 11:27:12 AM
Clerk, U.S. District Court, ILCD

APRIL 17, 2013

VA HANDBOOK 5021/13
PART V
CHAPTER 1

PART V. TITLE 38 APPEALS TO THE DISCIPLINARY APPEALS BOARD

CHAPTER 1. GENERAL

1. **SCOPE, AUTHORITY AND DEFINITIONS.** This chapter applies to Department of Veterans Affairs (VA) employees holding a full-time, permanent appointment under 38 U.S.C. 7401(1) who have satisfactorily completed the probationary period required by 38 U.S.C. 7403(b). Included in this category are: physicians, dentists, podiatrists, chiropractors, optometrists, nurses, nurse anesthetists, physician assistants and expanded-function dental auxiliaries. These categories of individuals are included in the term "employee(s)" as used in this chapter unless otherwise specified. This chapter governs appeals of major adverse actions which arise out of, or which include, a question of professional conduct or competence in VA. Major adverse actions are suspensions (including indefinite suspensions), transfers, reductions in grade, reductions in basic pay (including reductions in market pay for physicians and dentists resulting from involuntary reassignments or changes in assignments when taken for conduct and performance reasons) and discharges. A question of professional conduct or competence involves direct patient care and/or clinical competence. The term clinical competence includes issues of professional judgment.

2. **REPRESENTATION.** An employee of the Department may be designated by the decision official to represent management in any case before a Disciplinary Appeals Board. The decision official should direct requests for legal representation to the General Counsel or Regional Counsel, as appropriate.

3. **FILING AN APPEAL TO THE DISCIPLINARY APPEALS BOARD**

   a. **Initiating an Appeal.** An employee subjected to a major adverse action which is based in whole or in part on a question of professional conduct or competence, may file a written notice of appeal to the Disciplinary Appeals Board under the provisions of this part. The employee may request a hearing before the Board. Any such request must be submitted in writing and accompany the employee's notice of appeal. The appeal must contain (1) the appellant's name, address, telephone number, designation of representative (if any), (2) a copy of the notice of action proposed and decision letter, (3) a statement as to whether the employee is requesting a hearing before the Board, (4) why the appellant believes the major adverse action taken was in error or should not have been taken, and (5) a statement describing the expected relief. The original appeal and the request for hearing, if any, must be submitted to the Under Secretary for Health or designee, through the Office of Human Resources Management [ ] (051), so as to be received within 30 days after the date of service of the written decision on the employee. Submission of the appeal must be by personal service, facsimile, [ ] certified mail[, or other confirmed delivery method.] A copy of the appeal must be served on the decision official who took the action being appealed and any management representative of record at the time of filing.

   b. **Establishing Timeliness of an Appeal.** For purposes of computing the 30-day period for filing an appeal, the date of service of the written decision on the employee will be determined by the date of receipt by the employee of the personal delivery, [confirmed delivery of the notice], or presumed to be 5 days after depositing the decision in the U.S. mail if [confirmation of delivery is unavailable]. The Deputy Under Secretary for Health for Operations and Management will make a final decision regarding the determination that an appeal is filed untimely. The employee will be notified in writing, by letter, of this final determination. There are no further administrative appeal rights regarding the issue of timeliness.



c. **Representation.** The employee may be represented by an attorney or other person of the employee's choice.

## 4. APPOINTMENT OF DISCIPLINARY APPEALS BOARDS

a. **General.** The Under Secretary for Health or designee shall appoint Disciplinary Appeals Boards in accordance with this chapter to hear appeals of major adverse actions involving questions of professional conduct or competence as defined in part II of this handbook. Such Boards shall be referred to as Disciplinary Appeals Boards. Each Board will be comprised of three VA employees, each of whom shall be of the same grade as, or be senior in grade to, the employee who is appealing the action. For purposes of this chapter, the term grade is defined by the provisions of 38 U.S.C. 7404, and the qualification standards issued pursuant to 38 U.S.C. 7402. (See VA Directive and Handbook 5005, Staffing.) At least two of the members of the Board shall be employed in the same category of position as the employee who is appealing the action. For purposes of this chapter, a member employed in the same category of position is one who is employed in the same occupation e.g., physician, nurse, dentist as the appellant and has sufficient professional knowledge to evaluate the specific issues of clinical competence and/or direct patient care involved in the appeal.

  (1) One of the members of the Board shall be designated to function as Chairperson and one as Secretary to the Board.

  (2) A copy of the notice of appointment will be sent to each Board member and the head of the appellant's facility.

b. **Substitute Members.** To facilitate operations, substitute member(s) may be authorized by telephone and later confirmed in writing for inclusion in the record of the Board proceeding.

c. **Technical Advisors.** Technical advisors are not members of the Disciplinary Appeals Board but may be relied upon to assist in the development and review of the case.

d. **Panel Notice.** Notice of a name being on the list will be provided at least 30 days prior to the selection of the individual to serve on a Board.

## 5. JURISDICTION

a. The Disciplinary Appeals Boards appointed under this chapter shall have exclusive jurisdiction to review any case which arises out of, or which includes, a question of professional conduct or competence, and in which a major adverse action was taken under part II of this handbook.

b. While it may not be possible in all cases for the Board to determine whether an appeal is properly before it without gathering additional information in a hearing, every effort should be made to make this determination prior to convening a hearing.

## 6. POWERS OF THE CHAIRPERSON OF THE DISCIPLINARY APPEALS BOARD. The Chairperson's authority includes, but is not limited to:

   a. Taking proper steps to expedite the hearing of evidence, and speaking and acting for the Board;

   b. Ruling on all questions arising during the proceedings, such as admissibility of evidence offered during the hearing, calling of witnesses, order of introduction of witnesses, etc.;

   c. Obtaining further evidence concerning any issue under consideration by the Board at any stage of the proceedings;

   d. Acting as the presiding officer, directing the regular and proper conduct of the proceedings, and authenticating, by his or her signature, instructions and proceedings of the Board;

   e. Ruling on questions of disqualification of any member of the Board. In cases where the Chairperson is the challenged member, the question shall be resolved in accordance with paragraph 7e of this chapter;

   f. Scheduling the specific hour and dates of hearings;

   g. Closing the record;

   h. Administering oaths or affirmations made by individuals giving testimony;

   i. Ruling on motions from the parties; and

   j. Calling witnesses on behalf of the Board.

7. **PROCEDURE**

   a. **Determining Jurisdiction.** When a Board is convened to consider an appeal, the Board shall first determine whether the case is properly before it prior to considering the merits of the appeal. The Board shall determine whether the matter appealed is a major adverse action as defined in part II of this handbook, and whether it arises out of or includes a question of professional conduct or competence [ ]. The determination of jurisdiction will be made as soon as practicable. The Board will make a record of its determination.

   (1) The record of decision in any mixed case shall include a statement by the Board of its exclusive jurisdiction, citing 38 U.S.C. 7462(a) as the authority and the basis for such exclusive jurisdiction. A mixed case is one that includes both (a) a major adverse action arising out of, or including, a question of professional conduct or competence, and (b) a major adverse action which does not arise out of a question of professional conduct or competence or a disciplinary action.

   (2) If necessary, the Board may develop the record to establish jurisdiction.

   (3) If the Board determines that the appeal is not properly before it, e.g., that it lacks jurisdiction, the Board shall fully set forth its reasons, including a statement of the appropriate appeal procedure. The [Deputy] Under Secretary for Health will take appropriate action on the decision of the Board as described in paragraph 9e of this chapter.

b. **Type of Hearing.** The employee has the right to a hearing before the Board in connection with the appeal of a major adverse action. If the employee does not ask for a hearing before the Board, the Board may elect to conduct a hearing without the appellant or may consider the evidence of record, including any evidence developed by the Board. Formal hearings will be conducted in accordance with paragraph 8 of this chapter.

c. **Technical Advisors.** Employees may be designated to serve as technical advisors to the Board and assist in the development and review of the case.

d. **Presence of Board Members.** No Board hearing will proceed unless all members are present.

e. **Disqualification.** A Board member will be disqualified for service if the Chairperson rules that the Board member initiated or participated in the initiation of charges, had direct personal knowledge of the case or facts giving rise to the action, or if the Board member's relationship with the appellant or officials involved in recommending or deciding on the disputed action creates a question of bias. Any party to the case or member of the Board may make a motion to disqualify a Board member. The Chairperson will rule on the disqualification for service of any member of the Board. In cases where the Chairperson is the challenged member, or if a member of the Board questions the ruling of the Chairperson, the Board will make the ruling as to disqualification by majority vote in closed session.

f. **Mental/Physical Condition of Employee.** In the course of the hearing, if the appellant raises an issue of mental or physical condition in relation to the charges, the appellant will be given the opportunity to present evidence relating to the condition. If appropriate, the Board may refer the matter to a Physical Standards Board for review so that the Board may determine whether the matter was appropriately before the Board as an action under part II of this handbook, or whether it should have been processed under VA Directive and Handbook 5019, Occupational Health Services, for consideration of physical and/or mental incapacity. If, however, the appellant is alleging discrimination on the basis of a disabling condition, the employee should be referred to the EEO discrimination complaint process, which is the exclusive procedure for reviewing allegations of discrimination, and the hearing shall then proceed on the merits of the charges.

g. **Closing of Record.** At the conclusion of the hearing, the Chairperson will close the record unless he/she authorizes parties to submit written closing arguments, briefs, or documents identified for introduction into evidence. Should this be the case, the record will close on the date set by the Chairperson. If the appellant does not request an oral hearing, the record will close on the date the Board Chairperson sets as the final date for the receipt of submissions.

## 8. FORMAL HEARINGS

a. **Notifications**

(1) The Board Chairperson shall notify the appellant, the head of the facility, and any designated representatives when a hearing is scheduled. The initial notice from the Chairperson shall include the following:

(a) The names of the Board members and technical advisor(s) used;

V-4

(b) The specific hour and dates of the scheduled hearing;

(c) The date by which submissions must be made to the chairperson in connection with motions from the parties (e.g., to request rescheduling of hearing if good cause can be shown, as well as motions in other areas); and,

(d) The date by which witness lists must be exchanged, which must include statements as to what testimony each witness is expected to provide as well as any objections either party may have to the other's witnesses. Service will be by personal delivery or certified mail - return receipt requested.

(2) In addition to the above, the initial notices from the Chairperson should also inform the facility head of:

(a) The requirements to ensure that suitable hearing space is available and to arrange for a court reporter and any other administrative necessities;

(b) The date by which the appellant's (if applicable) and facility's representatives must be designated; and

(c) The requirement that within 15 days of receipt of the notice from the Chairperson, the facility must provide a complete tabbed and indexed evidence file to:

1. The Chairperson;

2. Each member of the Disciplinary Appeals Board;

3. The technical advisor;

4. The appellant; and

5. The Human Resources Management [Employee Relations and Performance Management] Service (051).

b. **Scheduling the Hearing.** The hours and dates of the hearing are determined solely by the Chairperson. The hearing will be conducted on official Government time, and normally, without charge to leave of the employee(s) concerned.

c. **Location of Hearing.** The hearing will usually be held at the facility of the appellant.

d. **Public Hearing.** Disciplinary Appeals Board hearings are public; however, the appellant may request that the hearing be closed to protect the right to privacy. VA has the responsibility to protect the privacy of its beneficiaries and employees and confidential information concerning them. In such cases, the Chairperson may close a portion of the hearing to the public in order to protect the best interests of the appellant, a witness, the public, or any other person affected by the hearing. The Chairperson should obtain the advice of legal counsel on such issues.

VA HANDBOOK 5021/21  
PART V  
CHAPTER 1  

February 19, 2016

e. **Exclusion of Individuals During Proceeding.** Prior to testifying, or if subject to recall, no witness will be permitted to hear the testimony being given by another witness unless the witness is the appellant, or is assisting in the representation of either party. In any event, the Chairperson of the Board will make the final determination on exclusion of individuals during any phase of the proceeding.

f. **Witnesses.** Both the appellant and management will have the right to call witnesses. The Chairperson will, on his/her own initiative, call such witnesses on behalf of the Board as the Chairperson deems necessary. The Chairperson has the final authority to determine the acceptability of any witness.

g. **Questioning of Witnesses.** The Chairperson will permit the parties to the case to ask questions of witnesses in order to ascertain all pertinent facts and is authorized to exclude irrelevant and/or unduly repetitious evidence. Both sides will have an opportunity to properly present and support their respective positions upon any question or matter presented to the Board for decision.

h. **Patients as Witnesses.** A patient, with the patient's consent, may be a witness provided there has been a medical determination that the patient has the capacity to testify and that the patient's appearance as a witness will not be detrimental to the patient's health and welfare.

i. **Oaths.** The Chairperson and Secretary of the Board shall have the authority to administer oaths or affirmations which will be made by all individuals giving testimony. (See [the Office of Human Resources Management, Employee Relations Web site for sample letters].)

j. **Record of Hearing**

(1) A verbatim record of the hearing proceedings will be prepared from written notes or mechanical recording and shall be maintained.

(a) Costs of transcription services will be borne by the facility where the appellant is or was employed. Contracts for transcription services will identify completion dates to ensure expeditious processing.

(b) The overnight receipt of transcripts is encouraged.

(c) If it would result in an undue burden or is otherwise impractical, the contract should provide for receipt within 2 weeks from the date on which the testimony occurred.

(2) The transcript will constitute part of the record.

(a) The record will be assembled by the Secretary of the Board, under the direction of the Chairperson, but the Board as a whole will be responsible for it.

(b) The record will be authenticated on VA Form 10-2543, Board Action, by the signature of all Board members and the technical advisor.

(3) The employee and/or his/her representative shall be provided a copy of the transcript of the formal hearing after authentication.

V-6

k. **Convening the Board.** The Chairperson will convene the Board, announce the name of the appellant (who will introduce his/her representative, if any), and announce the name of the Board members and technical advisor(s) present.

l. **Introduction of Evidence**

(1) In the opening statement, the Chairperson will give a brief summary of the issues set forth in the notice of proposed adverse action. The Chairperson will allow the introduction of evidence and call witnesses to testify in such order as the Chairperson sees fit.

(2) Any evidence file need not be formally introduced because it is already part of the record.

m. **Executive Sessions.** The Board will go into executive session for deliberation of questioned rulings of the Chairperson, Board findings, and Board recommendations. The Chairperson will announce such sessions. During executive sessions, only the Board members and such other individuals whose technical or professional advice or assistance is required by the Board, will be present. Executive sessions will be conducted off the record; however, the Chairperson will make the results a part of the record.

## 9. DISCIPLINARY APPEALS BOARD DECISIONS

a. **General.** After closing the record, but prior to returning to their duty facilities, the Board shall convene in closed session to attempt to reach a decision on the findings and penalty. If the Board determines that, due to the complexity of the issues or other compelling reasons, it is not feasible to reach a decision before returning to their duty facilities, the Board Chairperson shall ensure the Board's decision is rendered without any undue delay in order to meet established time frames.

b. **Findings**

(1) **Basis of Findings.** The findings of a Disciplinary Appeals Board will be based on the evidence presented, including evidence developed by the Board. The Board shall, with respect to each charge appealed, sustain the charge, dismiss the charge, or sustain the charge in part and dismiss the charge in part.

(2) **Deliberation and Voting on Findings.** Deliberation and voting on the findings will be held in closed sessions or through the use of teleconferences if face-to-face communication is not practical.

(a) The order in which the charges and specifications are to be voted upon will be determined by the Chairperson.

(b) Each member of the Board will indicate the member's individual finding on each charge.

(c) The majority opinion will rule.

(d) Minority opinions, if any, may be included on VA Form 10-2543.

    (e) Technical advisors are not members of the Board and, therefore, do not possess any voting power.

    c. **Decision.** The Board has full authority to render a decision on an appeal. The Board shall reach a decision within 45 calendar days of completion of the hearing, if a hearing is convened. In any event, a decision will be made by the Board no later than 120 calendar days after the appeal is received by the Under Secretary for Health or designee.

    (1) If any charge is sustained in whole or in part, the Board shall approve the action as imposed; approve the action with modification, reduction, or exception; or reverse the action.

    (2) If none of the charges are sustained in whole or in part, the Board will reverse the action.

    d. **Preparation of VA Form 10-2543.** Following deliberation and voting on the findings and any penalty, VA Form 10-2543 will be prepared by the Disciplinary Appeals Board considering the case. The Chairperson of the Board will forward the complete record, including its findings and decision, signed and dated by all members of the Board and the technical advisor, through the Office of Human Resources Management [and Labor Relations] (051) to the Deputy Under Secretary for Health for appropriate action. VA Form 10-2543 will contain supporting rationale for each of the findings.

    e. **Action by the Under Secretary for Health.** The Under Secretary for Health has delegated the authority to execute decisions made by Disciplinary Appeals Boards to the Deputy Under Secretary for Health. The Deputy Under Secretary for Health shall execute the Board's decision in a timely manner, but in no case later than 90 calendar days after the Board's decision is received by the Deputy Under Secretary for Health. Pursuant to the Board's decision, the Deputy Under Secretary for Health may order reinstatement, award back pay in accordance with the Back Pay Act, and provide such other remedies as the Board found appropriate relating directly to the proposed action, including expungement of records relating to the action.

    (1) However, if the Deputy Under Secretary for Health finds a decision of the Board to be clearly contrary to the evidence or unlawful, the Deputy Under Secretary for Health may:

    (a) reverse the decision of the Board; or

    (b) vacate the decision of the Board and remand the matter to the Board for further consideration.

    (2) If the decision, while not clearly contrary to the evidence or unlawful, is found to be not justified by the gravity of the charges, the Deputy Under Secretary for Health may mitigate the adverse action imposed.

    (3) The Deputy Under Secretary for Health's execution of a Board's decision, or the mitigated action, if appropriate, shall be the final administrative action in the case.

f. **Remands.** In circumstances where the Deputy Under Secretary for Health vacates the Board's decision and remands the matter for further consideration, the Board shall normally render its subsequent decision within 45 calendar days of the completion of the hearing, if a hearing was convened after the remand.

(1) In any event, the Board's decision will be made no later than 90 calendar days after the remand is received by the Board Chairperson.

(2) If the remand is related solely to jurisdictional issues, then the Deputy Under Secretary for Health may establish a shorter resolution period.

g. **Case Record**

(1) The case record will consist of the notice of proposed adverse action, appellant's reply, if any, all evidence (documents or testimony) relied upon by the Board in reaching its decision, notice of decision to appellant, appellant's request for a hearing, Deputy Under Secretary for Health's or designee's appointment of Board, Board communications and notices related to the hearing, any Board rulings or submissions of the parties, verbatim record of any formal hearing, Board Action (VA Form 10-2543), Deputy Under Secretary for Health's execution of the Board's recommendation, and any Notification of Personnel Action (SF-50B).

(2) Major adverse action files which have been involved with an appeal to the Disciplinary Appeals Board will be maintained by the Office of Human Resources Management [and Labor Relations] Human Resources Management [Employee Relations and Performance Management] Service (051). Records are maintained and disposed of in accordance with the records disposition authorities found in General Records Schedule 1 and VA Records Control Schedule 10-1, except where otherwise required to be retained for a longer period of time.

(3) One copy of notice of decision will be provided to the employee, the employee's representative, and the official who decided the adverse action. Any SF-50B, Notification of Personnel Action, will be filed in the employee's personnel folder.

**10. REVIEW OF RECORDS**

a. The Board Chairperson, upon request of an appellant (or the appellant's designated representative), may, in connection with the considerations of the Board, review confidential records or information covered by 38 U.S.C. 5701 and 7332 in accordance with 38 U.S.C. 7464(c)(1).

(1) The Board Chairperson may authorize the disclosure of such records or information to that employee (or representative) to the extent the Board considers appropriate for purposes of the proceedings of the Board.

(2) Decisions on requests to disclose records or information will be in writing.

V-9

b. In any such case, the Chairperson may direct that measures be taken to protect the personal privacy of individuals whose records are involved. Any person who uses or discloses a record or information under the provision of 38 U.S.C. 7464(c) for any purpose other than in connection with the proceedings of the Board is subject to a fine of not more than $5,000 in the case of a first offense and not more than $20,000 in the case of a subsequent offense.

## 11. TRAVEL

a. **Costs.** Funds to cover the travel and per diem costs of all Board members will be allotted from VA Central Office directly to the official facility of the individual Board member and VA employees who are required to assist the Board as directed by the Under Secretary for Health, or designee.

b. **Responsibilities for Expenses.** Travel expenses and subsistence expenses, or per diem allowance in lieu of subsistence expenses, for the purpose of attending the hearing will be borne by VA in accordance with Government Travel Regulations for the members of the Board and VA employees who are identified to assist the Board or to provide testimony. VA will not bear any expenses for the appellant or appellant's representative.