UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
Urbana Division

DR. JOHN A. PETERSON,

    **Plaintiff,**

v.                                         Case No. 21-2293

SECRETARY OF VETERANS AFFAIRS,
et al.,

    **Defendants.**

## ORDER

Plaintiff filed his Complaint pursuant to 5 U.S.C. § 701-706 of the Administrative Procedure Act, challenging the United States Department of Veterans Affairs ("Defendant") regarding Plaintiff's removal from employment and revocation of medical practicing privileges with the VA Illiana Healthcare System ("VAIHCS").

Plaintiff was employed by the VAIHCS as a physician starting on February 21, 2016. On November 4, 2020, VAIHCS removed Plaintiff from federal service for failure to provide appropriate medical care. (R. USA0010.)

Plaintiff filed an appeal on November 10, 2020, and requested an oral hearing before a Disciplinary Appeals Board ("DAB") pursuant to 38 U.S.C. § 7462. Plaintiff sought multiple extensions of time from the DAB to locate an expert. (R. USA2199.) On January 29, 2021, the DAB granted a last extension and notified the parties that the deadline for submitting expert witnesses was March 8, 2021. (R. USA2199.) The DAB advised that "additional requests to reset the hearing date may not be accommodated for the purpose of locating an expert witness." (R. USA2199.)

On March 12, 2021, the DAB advised both parties that the March 8, 2021, deadline for submission of experts had passed without any submission by Plaintiff. (R. USA2199.) Later that same day, Plaintiff acknowledged missing the March 8, 2021, deadline and

requested another extension until June 2021 to find an expert. On March 19, 2021, the DAB granted the extension and rescheduled the hearing to June 2, 2021. (R. USA2199.)

On May 14, 2021, Plaintiff requested yet another extension of time for the hearing and for expert witness disclosures. (R. USA2199.) On May 17, 2021, Plaintiff submitted the name of his expert witness and requested that the DAB hearing be rescheduled to July 2021. On May 18, 2021, the DAB denied Plaintiff's request for an extension of hearing date. (R. USA2199.) On May 21, 2021, the DAB approved Plaintiff's identified expert witness. (R. USA2200.)

The evening before the scheduled DAB hearing, Plaintiff's counsel sent an email to the DAB, stating that Plaintiff would be the only witness and that Plaintiff had prepared a Rebuttal to each allegation. Plaintiff requested the Rebuttal "be made part of the record." (R. USA2200.) The DAB denied admission of the late submitted Rebuttal, noting that Plaintiff could reference his notes during testimony but could not read them verbatim. (R. USA2200.)

In the instant case before this Court, Defendant filed the administrative record on June 27, 2022, (#9) and supplemented the record, by agreement with Plaintiff, on August 11, 2022 (#10). On August 11, 2022, Plaintiff filed a Motion to Supplement the Record (#11), seeking to add the Rebuttal report to complete, or in the alternative supplement, the record. On August 17, 2022, Defendant filed a Response (#12) in opposition.

Plaintiff initially argues that the Court should order Defendant to complete the administrative record by including the Rebuttal. The Court disagrees with Plaintiff that the Rebuttal is part of the complete record. The deadline for disclosures before the DAB was March 12, 2021. Plaintiff not only missed that deadline but did not send the Rebuttal until the evening before the hearing. At the hearing, the DAB ruled that the Rebuttal was not allowed into evidence and that Plaintiff should make his case during the hearing.[1] For this reason, the Court finds that the Rebuttal was not part of the original record and denies Plaintiff's request to order Defendant to produce the Rebuttal to complete the record.

---

[1] Plaintiff argues that the Rebuttal can still be part of the record even if it was not entered into evidence. Plaintiff maintains that as a "submission" by party, the Rebuttal is part of the record (citing VA Directive 5021 Part V, Chapter 1, Section 9(g). But, the Rebuttal submission was rejected by the DAB as untimely, preventing it from being a submission as indicated under this VA Directive.

Alternatively, Plaintiff asks that the Court grant Plaintiff's request to supplement the record. "To ensure that an agency 'not skew the record in its favor by excluding pertinent but unfavorable information,' the law affords an agency merely a rebuttable presumption that it properly designated an accurate and complete administrative record." *County of San Miguel v. Kempthorne*, 587 F.Supp.2d 64, 72 (D.D.C. 2008). "However, this presumption may be rebutted only upon 'clear evidence to the contrary,' *i.e.* upon clear evidence that the agency's designated record is not accurate and complete, a court may supplement the administrative record." *Id*. "If a party can make a 'substantial showing that the agency ha[s] not filed the entire administrative record with the court,' supplementation of the record can be ordered." *Id*.

Plaintiff has not rebutted the presumption that the agency provided an accurate and complete administrative record. Here, the DAB rejected admittance of Plaintiff's Rebuttal report simply because it was submitted too late, even after Plaintiff received multiple extensions. Plaintiff presents no evidence that the agency excluded the documents because they were adverse to the agency position. Instead, the DAB made the record clear that Plaintiff was not permitted to submit the Rebuttal report mere hours before the hearing when it was submitted more than two months after the March 12, 2021 deadline. Moreover, the DAB gave Plaintiff the opportunity to make the substance of his rebuttal part of the record by referencing it, as needed, during the hearing provided it was not read into the record verbatim.

For these reasons, Plaintiff's Motion to Supplement the Record (#11) is denied. Plaintiff's Initial Brief remains due January 31, 2023. Defendants' Response is due March 15, 2023. Plaintiff's Reply is due April 1, 2023.

ENTERED this 21st day of November, 2022.

s/ERIC I. LONG
UNITED STATES MAGISTRATE JUDGE